12/2/2020 4:38 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-20-007291**
**Victoria Benavides**

CAUSE NO. D-1-GN-20-007291

| | | |
|---|---|---|
| **TERESA MADELL ACKER** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | 261ST |
| | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **PROSPECT AIRPORT** | § | |
| **SERVICES, INC.** | § | |
| *Defendant.* | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **TERESA MADELL ACKER**, hereinafter called "Plaintiff," complaining of **PROSPECT AIRPORT SERVICES, INC.**, hereinafter called "Defendant" and for cause of action would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.0     Plaintiff desires that discovery be conducted under Discovery Level 3 pursuant to Tex. R. Civ. P. 190.4. Plaintiff will attempt to enter into an agreed discovery control plan with Defendant. However, failing an agreement on the issues, Plaintiff requests that the Court enter an appropriate discovery control plan tailored to the specific facts and circumstances of this lawsuit.

### II.
### STATUS OF PARTIES AND SERVICE

2.0     Plaintiff, **TERESA MADELL ACKER**, is an individual who resided in Williamson County, Texas at the time of the subject incident. The last three numbers of Plaintiff's driver's license number are 416. The last three numbers of Plaintiff's social security number are 394.

**EXHIBIT 1**

2.1    Defendant **PROSPECT AIRPORT SERVICES, INC.**, is a foreign Corporation doing business in Texas. Service of process upon this Defendant may be accomplished by service upon its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Compan , at its registered address for service of process **211 E. 7th Street, Suite 620 Austin, TX 78701-3218, or wherever service may be accomplished.**

*Issuance of citation is requested at this time.*

### III.
### JURISDICTION AND VENUE

3.00    Jurisdiction and Venue are proper in Travis County, Texas, pursuant to Texas Civil Practices and Remedies Code §15.002 (a)(1), in that Travis County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.01    This Court has jurisdiction over this cause of action because Plaintiff's damages are in excess of the minimum jurisdictional limits of this Court and all conditions precedent have been performed or have occurred.

3.01    Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs are required to state the amount of damages they seek through this lawsuit. This exercise is largely arbitrary as the Plaintiff defers to the jury to determine the amount of damages incurred as a result of the incident in question, and discovery is yet to be conducted. Nonetheless, Plaintiff affirmatively states that she seeks monetary relief in accordance with Tex. R. Civ. P. 47(c)(5), including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and a demand for judgment for all the other relief to which Plaintiffs is justly entitled at the time of filing this suit, which, with the passage of time, may change.

3.02    No federal question exists and complete diversity of citizenship fails to exist.

**EXHIBIT 1**

## IV.
## FACTS

4.00    On March 8, 2019, Plaintiff **TERESA MADELL ACKER** was a business invitee at Austin Bergstrom Airport, in Travis County, Texas, as she arrived in Austin Texas on her Southwest flight from Atlanta.

4.01    On that date, Plaintiff **TERESA MADELL ACKER** was exiting from her flight on Southwest Airlines at Austin Bergstrom Airport, in Travis County, Texas. At the same date and time, and upon information and belief, an employee of Defendant, **PROSPECT AIRPORT SERVICES, INC.,** was pushing a wheelchair to pick up another passenger when the employee of **PROSPECT AIRPORT SERVICES, INC.**, suddenly and unexpectedly ran into Plaintiff **TERESA MADELL ACKER'S** leg, causing her to lose balance and control and fall forward. As a result of the incident, Plaintiff suffered severe injuries including fracturing her shoulder, tearing her right rotator cuff, injuring her right side, right rib cage, her right hip, her head and nose.

4.02    Defendant's negligence proximately caused Plaintiff's injuries and damages.

## V.
## NEGLIGENCE OF DEFENDANT PROSPECT AIRPORT SERVICES, INC.

5.00    Defendant PROSPECT AIRPORT SERVICES, INC., by and through its employees, engaged in negligent activities. Specifically, Defendant's employee should have taken ordinary care to avoid the harm that came to Plaintiff. Moreover, the employees working at the airport should not have suddenly and unexpectecdly moved the wheel chair pushing and hitting past Plaintiff while she was exiting her flight. Quickly pushing and hitting past an individual as they were walking in the mentioned area was a negligent activity on behalf of the employee and the Defendant.

**EXHIBIT 1**

5.01    Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## VI.
## RESPONDEAT SUPERIOR

6.00    At all relevant times herein, all of the agents, servants, or employees of Defendant, who were in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.  Therefore, the acts or omissions of those agents, servants, or employees are attributable to Defendant, who is liable for all damages suffered by Plaintiff under the doctrine of *respondeat superior*.

## VII.
## GROSS NEGLIGENCE OF DEFENDANT PROSPECT AIRPORT SERVICES, INC.

7.00    Plaintiff would further show that Defendant **PROSPECT AIRPORT SERVICES, INC.**, by and through its employees were grossly negligent in causing the incident in question, which resulted in Plaintiff's injuries and damages. Defendant's employee(s) evidenced conscious indifference to the rights, safety and welfare of others in the manner that the worksite was maintained by persons who either lacked experience and were negligent to learn the proper way to do so, or who had the proper knowledge, but did not utilize the training they had received.

7.01    The acts and/or omissions of Defendant **PROSPECT AIRPORT SERVICES, INC.**is of such a character to rise to the level of gross negligence. Furthermore, Plaintiff would show that the acts and/or omissions of Defendant **PROSPECT AIRPORT SERVICES, INC.**was carried out with a conscious disregard for an extreme danger of risk and the rights of others and with

**EXHIBIT 1**

actual awareness on the part of Defendant **PROSPECT AIRPORT SERVICES, INC.**that its acts would, in reasonable probability, result in serious personal injury or death. Defendant **PROSPECT AIRPORT SERVICES, INC.,** engaged in acts or omissions that, when viewed objectively from the standpoint of Defendant **PROSPECT AIRPORT SERVICES, INC.**at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm and/or death to others, including Plaintiff.

## VIII.
## DAMAGES

8.00   As a direct and proximate result of Defendant acts and/or omissions and the negligent conduct of Defendant, Plaintiff suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the incident. The injuries are likely to be permanent in nature. The injuries have had an effect on Plaintiff's health and well-being. As a further result of the nature and consequences of these injuries, Plaintiff has suffered and will likely continue to suffer physical pain and mental anguish in the future.

8.01   As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention in the past and is likely to incur medical expenses in the future to treat these injuries.

8.02   Plaintiff respectfully requests that the trier of fact determine the amount of damages and losses for:

       a.  Pain and suffering in the past;
       b.  Pain and suffering in the future;
       c.  Mental anguish in the past;
       d.  Mental anguish in the future;
       e.  Past medical expenses;
       f.  Future medical expenses;
       g.  Physical impairment in the past;
       h.  Physical impairment in the future;
       i.  Loss of earnings in the past; and
       j.  Loss of earning capacity in the future.

**EXHIBIT 1**

8.03    Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff has been injured and damaged in an amount that is within the jurisdictional limits of this Court, for which she now pleads, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## IX.
## INTEREST

9.00    Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## X.
## DESIGNATED E-SERVICE EMAIL ADDRESS

10.00   The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: yurbin@texasjustice.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XI.
## REQUEST FOR DISCLOSURE TO DEFENDANT

11.00   Plaintiff requests that Defendant disclose the information contained in Tex. R. Civ. P. 194.2(a) through (l) within 50 days of the date this matter is served upon them.

## XII.
## NOTICE OF SELF-AUTHENTICATION

12.00   Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document or things in response to Plaintiff's written discovery authenticates the document for use against Defendant in any pretrial proceeding or at trial.

## XIII.

**EXHIBIT 1**

**ADDITIONAL DISCOVERY SERVED WITH PETITION**

13.00  Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admission are attached hereto and served with this Petition.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that Defendants be cited to appear and answer, and on final trial hereafter, Plaintiff have judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, for compensatory and exemplary damages, and for such other and further relief, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

/s/Yurbin E. Velasquez
**DC LAW, PLLC**
Yurbin E. Velasquez
SBN: 24063741
yurbin@texasjustice.com
1012 W. Anderson Ln.
Austin, Texas 78757
T: (512) 220-1800
F: (512) 220-1801
*Attorney for Plaintiff*

<b>EXHIBIT 1</b>

**WRITTEN DISCOVERY FOR DEFENDANT IS ATTACHED
HERETO AS EXHIBIT 'A' AND 'B'**

**EXHIBIT 1**

# EXHBIT "A"

**Discovery Request for Defendant**
**PROSPECT AIRPORT SERVICES, INC.**

**EXHIBIT 1**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO PROSPECT AIRPORT SERVICES, INC.

Plaintiff, **TERESA MADELL ACKER,** serves these, her First Set of Interrogatories upon Defendant **PROSPECT AIRPORT SERVICES, INC.,** pursuant to TEX. R. CIV.197. Defendant must serve a written response to the requesting party no later than fifty (50) days after the date these interrogatories are served upon Defendant. See TEX. R. CIV. P. 197.2(a). Defendant is further requested to supplement all answers to this First Set of Interrogatories as required by the TEXAS RULES OF CIVIL PROCEDURE.

### PRELIMINARY STATEMENT

1.  The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2.  You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3.  You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4.  Whenever an interrogatory requests the identification of a document or documents, please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5.  If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiff and you, you may specify the records from which the answer may be obtained.

### TABLE OF DEFINITIONS

Plaintiff sets forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendant fully and accurately understand the objectives of Plaintiff's discovery efforts and (2) to simplify and assist the Plaintiff in her efforts to locate and furnish the relevant information and documents. It is expressly stipulated and agreed by the Plaintiff that an affirmative response on the part of the Defendants will not be

**EXHIBIT 1**

construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on the Defendants.

**A. "YOU," "YOUR," OR "DEFENDANT"** means and refers to the named Defendant responding to the interrogatory, as well as its attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

**B. MULTIPLE PART ANSWERS:** Where an individual interrogatory calls for an answer which involves more than one part or subpart, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective interrogatory or subpart thereof.

**C. WRITING OR WRITTEN:** The term **"writing"** or **"written"** are intended to include, but not necessarily be limited to the following: hand-writing, type-writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

**D. DOCUMENT(S):** The term **"documents"** shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**E. PERSON: "Person"** as used herein means an individual, corporation, partnership, association, trust, governmental entity, and any otherwise described entity.

**F. PERSON(S) IDENTITY:** When an interrogatory request that you identify a person please state:

**EXHIBIT 1**

1.  His or her full name;
2.  His or her present or last known address;
3.  His or her present employers name and address; and
4.  His or her occupational position or classification.

**G. "IDENTIFY" or "IDENTIFICATION":**

1.  As to a person: When used in reference to a person or individual, the terms **"identify"** or **"identification"** mean to state his/her full name, address, and telephone number.

2.  As to an entity: The terms **"identify"** or **"identification"** when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

3.  As to a document: When used in reference to a document, the terms **"identify"** or **"identification"** shall include the following:

    a.  The title, heading or caption of such document.
    b.  The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.
    c.  A general description of the document.
    d.  The name of the person who signed the document or statement that it was unsigned.
    e.  Name of the person or persons who prepared the document.
    f.  Name of the person or persons to whom the document was addressed and to whom the document was sent.
    g.  The physical location of the document.

4.  As to a statement: When used in reference to a statement, the terms **"identify"** or **"identification"** shall include who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.

5.  To any other tangible thing: When used in reference to any other tangible thing, the terms **"identify"** or **"identification"** mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

**H. INCIDENT IN QUESTION:** The term **"incident"** or **"incident in question"** or similar reference as used herein refers to the incident or incident in Question described in the Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**I. "LOCATION IN QUESTION"** refers to the AUSTIN BERGSTROM AIRPORT, in Travis County, Texas.

**J. "STATEMENTS"** includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other

**EXHIBIT 1**

recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## INTERROGATORIES

1.  Please state the full name, address, job title and employer of each person answering and assisting in answering these Interrogatories.

ANSWER:

2.  State the name and address of the person or entity who owned, was in possession or exclusive possession and/or control of that area of the premises in where the incident in question occurred at the time of the incident.

ANSWER:

3.  Please identify all experts who may be called as a witness in this case or whose work product formed the basis, either in whole or part, of the opinions of any experts who may be called as a witness. With respect to each such expert, specify the following:

    a.  The subject matter upon which the witness is expected to testify including his/her impressions and opinions;
    b.  All facts know to the expert which relate or form the basis of the expert's mental impressions or opinions; and
    c.  All documents, communications, and other tangible things used by, prepared by, prepared for, or furnished to an expert in anticipation of the expert's trial or deposition testimony, including all tests and calculations done by the expert or reviewed by him/her, whether or not such tests or calculations form the basis of his/her opinion.

ANSWER:

4.  Describe and identify any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the entity insured, the name of the insurer, and the amount of any liability insurance coverage.

ANSWER:

5.  If you, or anyone acting on your behalf, know of any oral, written or recorded admission of any type by the Plaintiff pertaining to this suit, please identify the nature of each admission, the content of each admission, whether it was oral, written or recorded, the circumstances under which each was made, the name, address and telephone number of each person who was present when each was made, the date and location of each admission, and who has possession of each written or recorded admission.

    ANSWER:

**EXHIBIT 1**

6.     Prior to the present case, please state the name and address of each person who has ever sued you or has ever written or caused another to write any letter threatening to sue you for incidents or events occurring at located at AUSTIN BERGSTROM AIRPORT, in Travis County, Texas.. Please note that this interrogatory is limited to five (5) years prior to this accident.

ANSWER:

7.     Prior to the present case, please state the name and address of each person who has ever sued you or has ever written or caused another to write any letter threatening to sue you for incidents or events involving all your locations in the state of Texas for the time period of five (5) years prior to this incident in which someone was injured while at the location in question.

ANSWER:

8.     Please describe in detail any previous or subsequent incidents in the last ten (10) years of which Defendant is aware which occurred in substantially the same way as the Plaintiff's incident or in the same or nearby location.

ANSWER:

9.     Please describe in detail any changes made by the Defendant, employees, or agents, before and after the occurrence in question. If the Defendant corrected the training of its employees, please state the date this correction was made.

ANSWER:

10.    If Defendant, Defendant's corporate representative, employee or agent has given a statement to anyone other than Defendant's attorney with respect to the occurrence in question, please state the name, address and telephone number of the person to whom such statement was given, the date on which the statement was given, the substance of such statement and whether such statement was a written or an oral statement.

ANSWER:

11.    Was it a regular course of business of the Defendant to conduct a post-incident investigation into an incident of this sort or to complete an incident report, whether or not litigation was anticipated? If so, state whether an investigation was conducted, the dates, full descriptions of the investigation(s), who conducted the investigations or completed the incident report, the findings or conclusions of the investigations, and where such investigative or incident reports are now located. If you are claiming privilege as to any investigation based on its allegedly being done in anticipation of litigation, describe specifically what you are relying on to establish that you had reason to believe that litigation would ensue, including what overt acts or statements were made by Plaintiff or someone acting on behalf of the Plaintiff.

ANSWER:

12.    Do you contend that the Plaintiff has done anything or failed to do anything that constitutes a

**EXHIBIT 1**

failure to mitigate damages?  If so, please describe the basis of your contention and what evidence exists to support same.

ANSWER:

13.   If you have alleged that someone else's conduct or some other condition, disease, injury or event was the "sole proximate cause" of the incident in question, describe in detail the identity of such other person, event or condition, be it pre-existing or subsequent disease or injury.

ANSWER:

14.   What is Defendant's contention as to the Plaintiff's legal status on the premises at the time of the occurrence in question, that is whether Plaintiff was a business invitee, licensee or trespasser?  If you contend that Plaintiff was not a business invitee at the time of the occurrence in question, please state and describe each fact, document or thing on which you base such a contention.

ANSWER:

15.   State the name, address, and telephone number of all persons who were responsible for managing the location in question on the date of the subject incident.

ANSWER:

16.   Please state the name, address and telephone number of each employee and/or agent on duty at the location in question, at the time of the incident made the basis of this lawsuit. Further identify which employees were managers, which employees were working, as well as which employees no longer for the company.  For former employees, please provide their last known address and phone number.

ANSWER:

17.   If the Defendant was not the owner of the premises at the time of the Incident in Question, please state:

   a.   the nature of Defendant's relationship with the owner of the premises where the incident in question occurred;
   b.   the correct names and addresses of the owners of the premises in question as of the date of the subject incident;
   c.   the correct names and addresses of the owners of the premises in question for the preceding five (5) years; and
   d.   the complete names of all management companies for the premises for the last five (5) years.

ANSWER:

18.   Identify the security camera system in place at the subject location in question on the date of

**EXHIBIT 1**

the subject incident. Did the cameras record the incident? If so, what happened to the video?

ANSWER:

19.  Identify all individuals responsible for training employees at the location in question for 6 months prior to the incident in question.

ANSWER:

**EXHIBIT 1**

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT PROSPECT AIRPORT SERVICES, INC.

Pursuant to Rule 196, TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests that the Defendants produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys.

Plaintiff designates the manner of discovery to be by Defendant providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney. If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of Defendant's counsel or Defendant's premises or obtaining delivery therefrom. Plaintiff will return Defendant's photographs, movies, videotapes, and tangible unduplicated items to Defendants as requested by Defendants. Plaintiff requests that Defendants answer fully in writing and under oath each of the following interrogatories within thirty (30) days after service of this request, or within fifty (50) days after service of the citation and petition, whichever is later.

**EXHIBIT 1**

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms "you" and "your" shall refer to the respective Defendant answering the requests, his attorneys, agents, insured, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

**EXHIBIT 1**

3.  In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.  "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.  "Identify" or "Identification":

    (a)  When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

    (b)  When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

    (c)  When used in reference to a document, "identify" or "identification" shall include statement of the following:

        (i)    The title, heading, or caption, if any, of such document;

        (ii)   The identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

        (iii)  The date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        (iv)   The number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

        (v)    The name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

        (vi)   The name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

        (vii)  The physical location of the document and the name of its custodian or custodians.

6.  "Settlement": as used herein, means:

**EXHIBIT 1**

(a)     an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)     Any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

(c)     The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.      "The Incident" or "Subject Incident" as used herein refers to the incident made the basis of this lawsuit.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **March 8, 2018**, through the date of production of responses requested herein.

## REQUEST FOR PRODUCTION

1.  Any and all photographs or other electronic images that contain images of the underlying facts.

2.  Any and all photographs, movies, videotapes or other visual reproductions that Defendant has of the parties, persons with knowledge of relevant facts, the facilities, mechanisms or items involved, or scene of the Incident in Question.

3.  All published documents, treatises, periodicals or pamphlets on the subject of medicine, any engineering field, and any other area of scientific study that you claim to be a reliable authority which may be used by you at trial.

## EXHIBIT 1

4. All published documents, treatises, periodicals or pamphlets on the subject of medicine, any engineering field, and any other area of scientific study that any testifying expert claims to be a reliable authority which may be used by you at trial.

5. All published documents, treatises, periodicals or pamphlets on the subject of medicine, any engineering field, and any other area of scientific study that any testifying expert has relied, or will rely, upon to support their opinions and mental impressions.

6. All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

7. All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts have relied, or will rely, upon to support their opinions and mental impressions.

8. All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts claim to be reliable authority which may be used at the time of trial.

9. Copies of any and all statements made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof.

10. Any written, taped or mechanically reproduced statement made of Plaintiff.

11. Any written, taped or mechanically reproduced statement made of any Defendant regarding the incident.

12. Any and all drawings, surveys, plats, maps or sketches of the scene of the Incident in Question.

13. Any document, photographs, or other physical evidence that will be used or offered at trial.

14. All documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action.

15. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers in the ordinary course of business.

16. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers before Plaintiff filed Plaintiff's Original Petition with the court.

**EXHIBIT 1**

17. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the Incident in Question including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

18. Any documents, videotapes, recordings, reports, photographs, or other written records pertaining to any investigation of the Incident in Question.

19. All documents regarding all other claims being currently made against Defendant or Defendant's insurance policies at the store location in question.

20. Any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives, agents, or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

    a.    The Incident in Question;
    b.    Plaintiff's damages;
    c.    The presentation of any testimony;
    d.    Whether or how to conduct any cross-examination;
    e.    The performance of discovery; and/or
    f.    The presentation of any defense, excuse, or inferential rebuttal.

21. Copies of any document or statement that any witness of Defendant will use or you anticipate may use to refresh his or her memory, either for deposition or trial.

22. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at trial.

23. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

24. Any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of relevant facts named in discovery information provided by or to you before trial. Please include the name of the person convicted, the offense for which he or she was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

25. Any and all calendars, journals, diaries, logs, or notes kept by Defendant covering the month of the Incident in Question.

26. All documents regarding Plaintiff's employment history, status, performance, or compensation obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

**EXHIBIT 1**

27. All documents regarding Plaintiff's medical status, treatment or history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

28. All documents regarding Plaintiff's financial status, earnings history, and tax payment history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

29. All documents regarding Plaintiff's claims history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

30. All documents, records, reports, notations, or memoranda regarding Plaintiff from persons or entities that compile claim information, to include but not limited to, insurance claims, unemployment claims, social security claims, and worker's compensation claims.

31. All statements or documents that show the identity of any witness to the Incident in Question, or any person with knowledge of relevant facts concerning the Incident in Questions, the events leading up to it, or any damage sustained by Plaintiff.

32. All documents and tangible things which support your contention that:

   a. Any act or omission on the part of Plaintiff caused or contributed to the Incident in Question;
   Any factor, other than a. above, contributed to or was the sole cause of the Incident in Question, including but not limited to, acts or omissions of negligence of any other party or parties, or potential third-party Defendants, sudden emergency, unavoidable Incident, mechanical defect, or act of God;

   c. Any factor caused or contributed to the Plaintiff's damages, including but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of Plaintiff;

   d. Any or all of the medical expenses incurred by Plaintiff for treatment of injuries allegedly resulting from the Incident in Question were not reasonable and/or necessary; and

   e. Plaintiff's injuries were not the result of or caused by the Incident in Question.

33. The architectural plans and drawings for the Premises in Question, specifically with respect to the location where the Plaintiff was injured.

34. Any contracts between the owner and the manager or managing entity at the time of the Plaintiff's injury, and for the year immediately preceding the Incident in Question.

35. Any contract between the owner and any other person or entity responsible for caring for, maintaining or cleaning the premises at the time of Plaintiff's injuries.

36. All documents evidencing ownership or occupancy rights to the Premises in Question for the time of the Incident in Question.

37. A copy of any legal documents that document Defendant's status as a corporation, partnership, sole proprietorship or joint venture.

**EXHIBIT 1**

38. Any joint venture agreement between the parties or between any party to this suit and any non-party regarding the ownership, operation, repair, maintenance, cleaning or other service of or for the Premises in Question.

39. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, inspection, repair, cleaning and service of the Premises in Question that were in existence at the time of the Incident in Question.

40. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, inspection, repair, cleaning and service of the Premises in Question that are in existence currently.

41. Any and all photographs that Defendant has of any equipment, item, or movable property that was at the scene of the incident in question, but has since been relocated.

42. All of your materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees to ensure the safety of others that were in effect at the time of the Incident in Question.  This includes, but is not limited to, any training films and/or videotapes used by Defendant concerning previous incidents or the Incident in Question.

43. All of your materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees to ensure the safety of others that are in effect currently.  This includes, but is not limited to, any training films and/or videotapes used by Defendant concerning previous incidents or the Incident in Question.

44. Personnel files or any other documents reflecting the name, address, and/or phone number of all Defendant's employees, independent contractors, agents, or representatives working on the Premises in Question on the date of the Incident in Question.

45. Any documents or plans indicating subsequent remedial measures anticipated or undertaken at the Premises since the Incident in Question.

46. All documents, reports, videotapes, photographs, or statements regarding any other Incident involving injury to another on the Premises in Question from five (5) years before the Incident in Question to present.

**EXHIBIT 1**